**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3392-16T2

STEPHEN E. BRYANT,

     Plaintiff-Appellant,

v.

MELISSA J. ELAM (f/k/a
BRYANT),

     Defendant-Respondent.

_____

Submitted July 3, 2018 – Decided March 20, 2019

Before Judges O'Connor and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1697-00.

Stephen Bryant, appellant pro se.

Respondent has not filed a brief.

The opinion of the court was delivered by

O'CONNOR, J.A.D.

Plaintiff Stephen Bryant appeals from a February 27, 2017 Family Part order which, among other things, compels him to contribute toward the parties' children's college education expenses. Plaintiff also appeals from a March 24, 2017 order denying his motion for reconsideration. We affirm in part and reverse in part.

I

Plaintiff and defendant Melissa Elam have two children, a son and a daughter. The parties were divorced in 2001. The judgment of divorce states a settlement agreement resolving all issues was placed on the record on May 7, 2001, and that such agreement was made part of that judgment. Four months later, the court received a written property settlement agreement (agreement) for its files, although the copy the court received was not signed by either party.

Three paragraphs in the agreement pertain to the parties' obligation to contribute toward their children's college education. Those paragraphs state as follows:

> 14. The parties acknowledge their responsibility to contribute towards the education of their children.
>
> 15. When [the children] attain college age and they demonstrate an interest and aptitude to pursue a college education, the parties shall contribute to the cost of that

A-3392-16T2

education according to their relative financial abilities at that time. College expenses, which will be paid by the parties[,] are room, board, tuition, books, fees and transportation to and from school. All other expenses for [the children][,] for example, clothing and entertainment, will be paid by the Wife or by [the children] from their earnings during the school year or during their summer vacation.

16. The payment of each party of [the children's] college expenses for each school year will be according to the ratio of each party's income to the total combined income of both parties for the preceding calendar year. The percentages payable by each party will be adjusted on a yearly basis based on each party's income for the preceding calendar year. For example, if during the calendar year preceding the commencement of [the children's] first year of college, the total income of the parties is $150,000.00, with the Husband's gross income being $100,000.00 and the Wife's gross income being $50,000.00, the Husband would pay for two-thirds of the college expenses for [a child's] first year of college and the Wife could pay one-third.

In February 2017, defendant filed an emergent application seeking enforcement of the parties' agreement. Specifically, she sought an order directing plaintiff pay certain expenses associated with their daughter's recent enrollment in a particular college. Finding it was not emergent, the court converted the application into a motion and adjourned the matter to a later date. Plaintiff did not file any opposition to the motion but, during oral

3

argument on the return date of the motion, the court permitted him to place his position on the record.

Significantly, despite numerous references to the written agreement during oral argument, at no time did plaintiff disavow the existence or validity of the written agreement. In fact, the following exchange occurred during colloquy between the court and plaintiff:

> THE COURT: All right, but you understand that under the judgment of divorce, you agreed to both pay. It doesn't say the kids are to get their own financial loans; it says that the parents are both to contribute according to their income.
>
> PLAINTIFF: Okay.
>
> THE COURT: Right?
>
> PLAINTIFF: Right.

On February 27, 2017, the court entered an order granting defendant's motion to enforce the college contribution provisions of the parties' written agreement. The order noted plaintiff was responsible for 85.14% and defendant 14.86% of the children's college expenses for the "2017 academic year." The order also noted that, after applying grants, scholarships, and loans, plaintiff's 85.14% share of the daughter's tuition was $6,445.61 and defendant's 14.86% share was $1,124.99. Plaintiff was ordered to pay his

4

share within seven days.  Plaintiff was also ordered to pay his share of the son's tuition within seven days of receiving a copy of the tuition invoice from defendant.

Plaintiff filed a motion for reconsideration of the February 27, 2017 order.  Relevant to the issues on appeal, plaintiff contended the written agreement did not accurately reflect the agreement placed on the record at the time the judgment of divorce was entered.  The court rejected this argument.  During oral argument, the court advised it had reviewed the court's file and discovered that, over the previous sixteen years, plaintiff sought to enforce various provisions of the written agreement when it suited him.  The court determined plaintiff was barred under the doctrine of laches[1] from asserting the written agreement did not accurately reflect the agreement that was placed on the record during the uncontested divorce hearing.

On March 24, 2017, the court entered an order which, among other things, denied plaintiff's motion for reconsideration and a request he obtain a

---

[1] "Laches is an equitable doctrine, operating as an affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party."  Fox v. Millman, 210 N.J. 401, 417 (2012) (quoting Cty. of Morris v. Fauver, 153 N.J. 80, 105 (1998)).

A-3392-16T2

copy of defendant's income tax returns and her Social Security Disability Award letter. This appeal ensued.

II

On appeal, plaintiff's principal contentions are the trial court erred because it failed to order a plenary hearing to determine: (1) whether the written agreement contained the terms agreed upon by the parties; (2) the parties' respective gross incomes; and (3) whether the children had become emancipated. In addition, plaintiff asserted the February 27, 2017 and March 24, 2017 orders should not have been entered because the children did not consult with him "in the college decision making process." Finally, plaintiff argues that, on remand, this matter must be heard by a different judge.

Our review of the trial court's decision is limited. We must defer to the court's factual findings, so long as they are supported by sufficient credible evidence. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). However, if "the trial court's conclusions are . . . 'clearly mistaken' or 'wide of the mark'" we will "intervene and make [our] own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

6

A plenary hearing is not required in every contested proceeding. A plenary hearing is in order only if there is a genuine, material and legitimate factual dispute. See Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding that "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary."); see also Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (explaining that hearing is required only when there "is a genuine and substantial factual dispute . . . .").

We reject plaintiff's contention the court was obligated to hold a plenary hearing to determine whether the written agreement contained the terms agreed upon by the parties. In our view, there was sufficient evidence the parties recognized the written agreement as valid and binding upon them. As the court found, plaintiff has used the written agreement when necessary to advance his interests, key evidence he does recognize the validity of the agreement. The court's factual findings are supported by sufficient credible evidence, to which we must defer.

Further, plaintiff failed to file any opposition to the original motion, even though defendant clearly relied upon the terms of the written agreement in support of the arguments in her moving application. Significantly, plaintiff did not dispute the validity of the agreement during oral argument; in fact, he

admitted the terms of the agreement that pertained to college expenses were binding upon the parties. Finally, if plaintiff were in fact earnest in his conviction the written agreement did not accurately reflect the agreement the parties placed on the record at the time of the uncontested divorce hearing, then it behooved him to produce a transcript of that hearing.

Plaintiff argues that neither the February 27, 2017 nor the March 24, 2017 order should have been entered, because the children did not consult with him before they chose the college they wished to attend. He also contends the court should have scheduled a plenary hearing to determine whether the children had become emancipated. Based upon the record plaintiff provided to us, neither of these two arguments was raised before the trial court. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

To be sure, during argument on the motion for reconsideration, plaintiff referenced the fact he wanted his daughter to heed his advice on what college to attend and how to finance her education. But his position was not that he should be relieved of his obligation to contribute toward college expenses because the children did not discuss their choice of college with him.

Plaintiff argues the court should have conducted a plenary hearing to determine the parties' respective gross incomes. We do not agree a plenary hearing was necessary, but we do agree a copy of defendant's income tax returns and the Social Security Disability Award letter should have been provided to plaintiff. He was entitled to ascertain if defendant's income tax returns indicated she was receiving income from a source other than from disability payments. We therefore reverse that portion of the March 24, 2017 order that denied plaintiff's request for these documents, and remand this matter to the trial court so that it can enter an order forthwith granting such relief to plaintiff by a date certain.

We have considered plaintiff's remaining arguments, including but not limited to the argument this matter should be heard by a different judge, and determine they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3392-16T2